O

# United States District Court
# Central District of California

| | |
|---|---|
| CUSTOM PACKAGING SUPPLY, INC. | Case № 2:15-CV-04584-ODW-AGR |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| STEVE R. PHILLIPS, III; HEEVA | **DEFENDANTS' MOTIONS TO** |
| ASEFVAZIRI; THINGTHING, INC; | **DISMISS FOR FAILURE TO STATE** |
| MCDONALD PACKAGING, INC.; and | **A CLAIM [26, 31]; DENYING** |
| DOES 1–50, | **DEFENDANT MCDONALD** |
| Defendants. | **PACKAGING, INC.'S MOTION TO** |
| | **DISMISS FOR LACK OF SUBJECT** |
| | **MATTER JURISDICTION [31]; AND** |
| | **DENYING DEFENDANTS** |
| | **PHILLIPS, ASEFVAZIRI, AND** |
| | **THINGTHING, INC'S MOTION** |
| | **FOR SANCTIONS [38]** |

## I.   INTRODUCTION

This case arises out of an alleged incident of trade secret misappropriation by former employees of Plaintiff Custom Packaging Supply, Inc. ("CPS") and their current employer, a competitor of CPS.  Defendants Steve Phillips, Heeva Asefvaziri,

and ThingThing, Inc. move to dismiss the First Amended Complaint ("FAC") filed by CPS for failure to state a claim. (ECF No. 26.) Phillips, Asefvaziri, and ThingThing also move the Court to impose sanctions on CPS for its untimely, unnoticed filing of the FAC. (ECF No. 38.) Defendant McDonald Packaging, Inc. ("RightPAQ") separately moves to dismiss the FAC for failure to state a claim and lack of subject matter jurisdiction. (ECF No. 31.) For the reasons discussed below, the Court **GRANTS** the Motions to Dismiss for failure to state a claim, **DENIES** the Motion to Dismiss for lack of subject matter jurisdiction, and **DENIES** the Motion for Sanctions.

## II.    FACTUAL BACKGROUND

Defendants Phillips and Asefvaziri are former employees of CPS, who held the positions of Design Manager and Junior Designer, respectively. (ECF No. 26 at 1.) As the sole members of CPS' design department, Phillips and Asefvaziri had unfettered access to CPS' design database, although CPS alleges that Phillips and Asefvaziri were restricted from accessing certain client information and DropBox folders. (ECF No. 32 at 1.) In April 2015, Phillips and Asefvaziri resigned from CPS and formed Defendant ThingThing, a start-up design company. (ECF No. 26 at 2.) ThingThing allegedly leases space and rents equipment from Defendant RightPAQ. (*Id.*) Upon their resignation, CPS claims that Phillips and Asefvaziri downloaded information regarding proprietary designs, along with customer data and other confidential information, to compile an "illegal library" that they then passed on to RightPAQ. (ECF No. 32 at 2.) CPS further alleges that RightPAQ then used this information to improve its own designs and steal CPS' customers. (*Id.*)

On June 17, 2015, CPS filed a complaint ("Original Complaint") alleging thirteen causes of action, including common law claims, violations of the California Penal Code Section 502 ("Section 502"), and violations of the California Uniform Trade Secrets Act ("CUTSA"). (ECF No. 1.) CPS also alleged that Defendants violated the federal Computer Fraud and Abuse Act ("CFAA"), which formed the

1    basis for this Court's federal question jurisdiction.  (*Id.* at ¶¶ 14–15.)  Phillips,

2    Asefvaziri, and ThingThing filed a motion to dismiss ("Original Motion") on August

3    7, 2015, which CPS timely opposed on August 24, 2015.  (ECF Nos. 20, 22.)  Without

4    seeking leave to amend from the Court, CPS then filed the FAC on August 31, 2015,

5    the same day on which Phillips, Asefvaziri, and ThingThing replied to the Motion to

6    Dismiss  (ECF Nos. 23, 24.)  The Court accepted the FAC and ordered the Motion to

7    Dismiss moot.  (ECF No. 25.)  Phillips, Asefvaziri, and ThingThing then filed the

8    Motion to Dismiss presently at issue on September 14, 2015.  (ECF No. 26.)  CPS

9    timely opposed, and Defendants timely replied.  (ECF Nos. 32, 35.)

10    Phillips, Asefvaziri, and ThingThing also moved for the Court to impose

11    sanctions on CPS on October 15, 2015.  (ECF No. 38.)  CPS timely opposed, and

12    Defendants timely replied.  (ECF Nos. 42, 47.)

13    On September 28, 2015, Defendant RightPAQ filed an independent Motion to

14    Dismiss.  (ECF No. 31.)  CPS again timely opposed, and RightPAQ timely replied.

15    (ECF Nos. 41, 43.)  The two Motions to Dismiss and the Motion for Sanctions are

16    presently before the Court.

17                                    **III.   DISCUSSION**

18       **A. Motions to Dismiss for Failure to State a Claim**

19          **1.      Legal Standard for Rule 12(b)(6)**

20    A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable

21    legal theory or insufficient facts pleaded to support an otherwise cognizable legal

22    theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To

23    survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

24    requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v.*

25    *Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to

26    raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

27    U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter,

28

1   accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

2   *Iqbal*, 556 U.S. 662, 678 (2009).

3        The determination whether a complaint satisfies the plausibility standard is a

4   "context-specific task that requires the reviewing court to draw on its judicial

5   experience and common sense." *Id.* at 679. A court is generally limited to the

6   pleadings and must construe all "factual allegations set forth in the complaint . . . as

7   true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d

8   668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations,

9   unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden*

10   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

11        As a general rule, a court should freely give leave to amend a complaint that has

12   been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when

13   "the court determines that the allegation of other facts consistent with the challenged

14   pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

15   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d

16   1122, 1127 (9th Cir. 2000).

17        **2.**    **CFAA**

18    All Defendants argue that CPS failed to state a claim for violation of the CFAA

19   because CPS did not allege any facts showing that Defendants accessed a protected

20   computer without authorized access and further failed to identify any damage done to

21   their computer system. (ECF No. 26 at 5, 8; ECF No. 31 at 7–8, 10–11.)

22        CPS' CFAA claims all stem from an alleged incident where Phillips or

23   Asefvaziri accessed the CPS database to download substantial amounts of data. (ECF

24   No. 32 at 2.) CPS alleges that the individuals involved in this incident exceeded their

25   authorized access by interacting with "customer information, confidential business

26   contacts, and executive-level Dropbox files." (FAC ¶¶ 39–42; ECF No. 32 at 5.)

27        As interpreted by the Ninth Circuit, the CFAA requires a plaintiff to show that

28   the defendant procured information without, or in excess of, authorization. *United*

*States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012).  Therefore, a complaint alleging that the defendant misused or misappropriated information gained through authorized access to a computer must be dismissed.  *Id.*  It is uncontested that both Phillips and Asefvaziri had authorized access to the design portions of CPS' design database.  (ECF No. 26 at 2.)  CPS admits that this access was "unfettered" as Phillips and Asefvaziri used the database in their design work.  (ECF No. 32 at 1.)  The Court therefore agrees that CPS may not base any of its CFAA arguments on any alleged access of the design portions of the database.

However, CPS also alleges that Defendants accessed client information and executive-level DropBox files, which Defendants knew or should have known that they did not have authorization to access.  (FAC ¶ 34; ECF No. 32 at 1.)  Defendants ask the Court to disregard these allegations as "nebulous and undefined" (ECF No. 35 at 2), seemingly ignoring the procedural posture in which they sit.  On a motion to dismiss, the Court accepts as true all factual allegations contained within a complaint and assumes that any general factual allegations are supported by specific facts.  *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).  Here, CPS pleads that Phillips and Asefvaziri did not have access to certain areas of the database and certain DropBox files, which is enough to survive a motion to dismiss for failure to state a claim.  *See LVRC Holdings LLC v. Brekka*, 581F.3d 1127, 1133 (9th Cir. 2009) ("[A]n individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has exceeded authorized access.") (internal quotations omitted).

Defendants next argue that CPS failed to plead any damages, as defined and required by the CFAA.  (ECF No. 26 at 8; ECF No. 31 at 7–8.)  Under the CFAA, a plaintiff must "identify impairment of or damage to the computer system" resulting from the unauthorized access.  *AtPac, Inc. v. Aptitude Sols., Inc.*, 730 F. Supp. 2d 1174, 1184 (E.D. Cal. 2010).  Purely economic harm unrelated to the computer systems is not actionable.  *Id.* at 1185.  Although CPS alleges that its "data, programs,

1    and computer systems" were harmed because of the unauthorized access (FAC ¶ 44),

2    it provides no facts to support this purely conclusory statement.  CPS makes no

3    contention that Phillips or Asefvaziri did any harm to the computer systems or

4    databases by allegedly accessing areas of the database without authority to do so.  The

5    Court does not assume the truth of conclusory allegations raised in pleadings and

6    therefore finds that CPS failed to plead facts showing any damage under the CFAA.

7    *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also NetApp, Inc. v.*

8    *Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 834–835 (N.D. Cal. 2014).  The Court

9    therefore dismisses CPS' CFAA claim against all Defendants.

10       **3.       Section 502**

11       Defendants next argue that CPS failed to state a claim for relief under

12   California Penal Code Section 502.  (ECF No. 26 at 9.)  Section 502 is an anti-hacking

13   statute intended to prohibit the unauthorized use of any computer system for improper

14   or illegitimate purpose.  *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 715

15   (N.D. Cal. 2011).  Similar to the above-discussed CFAA, the subsections of Section

16   502 at issue here require that a defendant's access of the computer system at issue be

17   "without permission."   Cal. Penal Code §§ 502(c)(1), (2), (3), (4), (6), & (7).

18   "Without permission" is defined as accessing or using "a computer, computer

19   network, or website in a manner that overcomes technical or code-based barriers."

20   *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08–05780–JW, 2010 WL 3291750, at

21   *11 (N.D. Cal. July 20, 2010).  Courts interpret this definition narrowly, finding that a

22   plaintiff must show that the defendant circumvented technological barriers put into

23   place to block access by the defendant.  *Id.* at *12.

24       As discussed above, CPS sufficiently alleges that Defendants exceeded

25   authorized access.  However, CPS does not allege that Defendants circumvented any

26   technological barriers to gain access to the portions of the database at issue here.

27   Indeed, it seems that there were no technological barriers to Phillips and Asefvaziri's

28   access because CPS was not trying to keep them out of the database at issue.  (*See*

1   FAC §§ 3, 4.)  Because CPS fails to state a claim under Section 502 for any action

2   done "without permission," the Court dismisses CPS' Second Claim under Section

3   502(c)(1), (2), (3), (4), (6), and (7) as to all Defendants.

4   **4.      Preemption of Common Law Claims by CUTSA**

5        Defendants concede that CPS pleads sufficient facts to state a CUTSA claim,

6   but argues that CUTSA, which creates a statutory cause of action for misappropriation

7   of trade secrets, preempts CPS' remaining common law claims.  (ECF No. 26 at 12).

8   CUTSA preempts any common law claims based on the "same nucleus of facts" as the

9   misappropriation of trade secrets claim.  *K.C. Multimedia, Inc. v. Bank of Am. Tech. &*

10  *Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009).  A claim based on the same

11  nucleus of facts as the misappropriation claim cannot avoid preemption by alleging

12  new facts or a different theory of liability.  *Id.* at 957–58.

13       CPS provides scant argument as to why its common law claims are not

14  preempted by CUTSA, relying mainly on bolding certain phrases in copied sections of

15  the FAC.  (*See* ECF No. 32 at 11–17.)  As best the Court can tell, the purpose of these

16  bolded words is to show that the common law claims are based on unlawful access

17  rather than misappropriation.  (*See* ECF No. 16–17.)  This argument misunderstands

18  the breadth of CUTSA preemption.  Regardless of the terminology used in the

19  common law claims, all of CPS' common law claims are based on the following

20  alleged facts: (1) Phillips and Asefvaziri removed proprietary and/or confidential

21  information from CPS' computers; (2) Phillips and Asefvaziri disclosed this

22  information to RightPAQ; and (3) and Defendants began to use this information to

23  solicit business from CPS' customers and contacts.  (See FAC ¶¶ 58–60.)  The Court

24  will briefly address the issues raised by each common law claim and explain why they

25  are preempted.

26

27

28

### a.   Breach of Fiduciary Duty, Trespass to Chattels, Unjust Enrichment, Civil Conspiracy, & Aiding and Abetting

In its fourth, ninth, tenth, eleventh, and twelfth causes of action, CPS alleges that it is entitled to damages on a variety of legal theories based on the removal of confidential information from CPS' computers by Phillips and Asefvaziri and the subsequent disclosure and use of this information by RightPAQ.  (FAC ¶¶ 62–67, 102–120.)  These claims are clearly based on the same facts underlying the CUTSA claim and are therefore precluded.  *See K.C.Multimedia, Inc.*, 171 Cal. App. 4th at 959–60; *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL 2228936, at \*11 (N.D. Cal June 1, 2010).  The Court dismisses these claims with prejudice because CPS has not demonstrated in any way that it can amend its allegations as to not be based on the facts underlying the misappropriation (or unlawful access and subsequent use by RightPAQ, whichever wording CPS prefers).

### b.   Intentional Interference with Prospective Economic Advantage

CPS again pleads the same core facts for its fifth cause of action, which alleges that Defendants intentionally interfered with prospective economic advantage by wrongfully accessing and using CPS' confidential design and customer information to "obtain and retain CPS's own customers at little to no cost."  (FAC ¶¶ 71–72.)  Here, CPS specifically requests that the Court allow it leave to "buttress" its allegations to show that the claim stems from unauthorized access instead of misappropriation. (ECF No. 32 at 13.)  As discussed above, this argument over word choice cannot change the fact that the underlying facts between this claim and the CUTSA claim are the same.  The fifth claim is thus preempted by CUTSA, and the Court dismisses the claim with prejudice because CPS' proposed alterations will not cure the deficiency.

### c.   Negligent Interference with Prospective Economic Advantage

As Defendants point out, CPS did indeed concede that the proper cause of action for its negligent interference with prospective economic advantage claim was breach of fiduciary duty.  (*See* ECF No. 22 at 19.)  However, CPS included an almost

1   identical cause of action against all Defendants in its FAC, subsequently stating that

2   the proper cause of action for the individual Defendants is breach of fiduciary duty.

3   (FAC ¶¶ 76–84; ECF No. 32 at 17.)

4         Independent of CPS' confusing stance on this claim, the Court again finds that

5   the core facts are the same as those for the CUTSA claim because both are based on

6   Defendants' alleged use of CPS' confidential information to steal CPS' customers.

7   The Court therefore dismisses the sixth cause of action with prejudice.

8         **d.    Unfair Competition**

9         Rather than laying out the facts for its seventh cause of action for unfair

10  competition, CPS merely states that it was damaged when Defendants committed acts

11  of "computer fraud, trespass, conversion, interference with business relationships, and

12  other illegal acts and practices *as alleged above*." (FAC ¶ 86 [emphasis added].) CPS

13  goes on to again reference the "unlawful and wrongful conduct *described in this*

14  *complaint*." (*Id.* at ¶ 88 [emphasis added].) Here, by explicitly referencing the same

15  facts underlying its CUTSA and other common law claims, CPS clearly shows that its

16  unfair competition claim is preempted by CUTSA. The Court therefore dismisses the

17  seventh cause of action with prejudice.

18        **e.    Conversion**

19        In its Opposition to the Original Motion, CPS also explicitly stated that its

20  conversion claim was preempted by CUTSA. (ECF No. 22 at 19.) Despite making

21  very few changes to the claim in its FAC, CPS now backtracks and argues that the

22  conversion claim is only preempted as to the individual Defendants, but remains

23  proper as to RightPAQ. (ECF No. 32 at 17.) The Court agrees with CPS' original

24  assessment of its eighth cause of action for conversion and finds that the changes it

25  made in the FAC are not enough to overcome CUTSA preemption. Accordingly, the

26  Court dismisses CPS' conversion claim as to all Defendants with prejudice.

27

28

### 5. Accounting Claim

An accounting is not an independent cause of action, but is a remedy available in certain circumstances. *See Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000). The availability of an accounting is dependent on the existence of a substantive basis for liability. *Id.* As the Court discussed above, it finds that CPS has failed to plead its common law actions. Because there is no basis for the accounting cause of action after these dismissals, the Court also dismisses CPS' thirteenth cause of action with prejudice.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

RightPAQ also moves the Court to dismiss CPS' FAC for lack of subject matter jurisdiction. (ECF No. 31.) RightPAQ argues that CPS' CFAA allegations, on which the Court's federal question jurisdiction is based, are "wholly insubstantial or frivolous." (*Id.* at 5.) Although CPS failed to appropriately plead damages as required to state a claim under the CFAA, the Court does not find that CPS' allegations were so insubstantial as to be frivolous. *See In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1490 (9th Cir. 1985) (noting that a federal claim is "insubstantial" only when it is "absolutely devoid of any merit"). The Court has given CPS leave to amend its CFAA to allege sufficient damages because the claim might have merit if certain facts are pled. Because of this, the Court declines to withdraw its supplemental jurisdiction at this time. RightPAQ's Motion to Dismiss for lack of subject matter jurisdiction is therefore **DENIED**. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (noting that the decision of whether to exercise supplemental jurisdiction after the dismissal of the federal claim is left to the discretion of the district court).

### C. Motion for Sanctions

Phillips, Asefvaziri, and ThingThing also move for the Court to impose sanctions on CPS in the form of attorney's fees for filing the FAC without first seeking the permission of the Court or providing any notice. (ECF No. 47.)

1  Defendants argue that sanctions are appropriate under 28 U.S.C. § 1927 and the
2  Court's inherent authority. (ECF No. 38 at 2.)

3  Federal courts have the inherent power to impose sanctions for attorney
4  misconduct and such sanctions include an award of attorney's fees, against attorneys
5  and parties for "bad faith" conduct, or "willful disobedience" of a court order.
6  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*,
7  447 U.S. 752, 764–766 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532
8  (9th Cir. 1987). "Bad faith" means a party or counsel acted "vexatiously, wantonly or
9  for oppressive reasons." *Chambers*, 501 U.S. at 45–46; see *Alyeska Pipeline Serv. Co.*
10 *v. Wilderness Soc'y*, 421 U.S. 240, 258–259 (1975). Bad faith is tested objectively:
11 "[A] district court's finding of bad faith or the absence of bad faith in a particular case
12 is a factual determination and may be reversed only if it is clearly erroneous." *Ford v.*
13 *Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). There must be "some indication of
14 an intentional advancement of a baseless contention that is made for an ulterior
15 purpose, e.g., harassment or delay." *Ford*, 790 F.2d at 347; see also *Jacobs v.*
16 *Scribner*, No. 1:06-CV-01280AWIGSAP, 2009 WL 2982671, at *1 (E.D. Cal. Sept.
17 11, 2009).

18 Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings
19 in any case unreasonably and vexatiously may be required by the court to satisfy
20 personally the excess costs, expenses, and attorneys' fees reasonably incurred because
21 of such conduct." 28 U.S.C. § 1927. Prior to imposing § 1927 sanctions, the court
22 must make a finding of subjective bad faith, not merely objectively unreasonable
23 behavior. The Ninth Circuit has clarified that bad faith is present when an attorney
24 knowingly or recklessly raises a frivolous argument. *See B.K.B v. Maui Police Dept.*,
25 276 F.3d 1091, 1107 (9th Cir.2002).

26 The Court finds that sanctions are inappropriate under both the Court's inherent
27 power and § 1927 because CPS' actions were not reckless or made in bad faith.
28 While filing the FAC without seeking prior permission from the court or notifying

1    Defendants was certainly improper and unreasonable,[1] Defendants provide no

2    evidence that CPS did so maliciously or vexatiously. From the evidence provided by

3    the parties, it seems as though CPS wished to address the arguments presented in the

4    Motion to Dismiss by adding certain information to the Original Complaint. (*See*

5    ECF No. 42 at 4–5.) Indeed, CPS claims that it filed the FAC for "good faith

6    reasons," including a desire to remove ambiguities from the Original Complaint and a

7    desire to save the parties the "time and expense of appearing at the hearing" on the

8    Defendants' Motion to Dismiss. (*Id.* at 5.) While the action was misguided, it was

9    not in bad faith. *See Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 649 (9th

10   Cir. 1997) (noting that the bad faith requirement is a "high threshold"); *see also*

11   *Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir.

12   1999) (sanctions imposed pursuant to court's inherent powers as well as 28 U.S.C. §

13   1927 require highly specific finding of bad faith); *Moulton v. City of Sparks*, No. 2:09-

14   CV-00016-BES-VPC, 2009 WL 2407351, at *2 (D. Nev July 28, 2009) (finding that

15   filing a First Amended Complaint in violation of Rule 15(a) did not rise to the level of

16   "bad faith" where plaintiff appears to have misunderstood and misapplied the

17   procedural rules, rather than attempting to harass defendants). For this reason, the

18   Court **DENIES** the Motion for Sanctions.

19

20   ///

21   ///

22   ///

23

24

25

---

26   [1] A plaintiff is entitled to amend the complaint once within twenty-one days after service of a
     responsive pleading or a 12(b) motion under Federal Rule of Civil Procedure 15(a)(1). Here,
27   Plaintiffs waited twenty-four days after service of Defendants' Motion to Dismiss before filing the
     FAC. They did so without seeking consent from Defendants or leave from the Court. *See* Fed. R.
28   Civ. P. 15(a)(2).

1

## IV. CONCLUSION

2      For the reasons discussed above, the Court **GRANTS** the Motions to Dismiss

3 for failure to state a claim, **DENIES** the Motion to Dismiss for lack of subject matter

4 jurisdiction, and **DENIES** the Motion for Sanctions.

5      **IT IS SO ORDERED.**

6

7      December 7, 2015

8

9      _____

10                **OTIS D. WRIGHT, II**
                **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13