O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CUSTOM PACKAGING SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVE R. PHILLIPS, III; HEEVA ASEFVAZIRI; THINGTHING, INC; MCDONALD PACKAGING, INC.; and DOES 1–50, inclusive, <br><br> Defendants. | Case No. 2:15-cv-04584-ODW-AGR <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [50, 51]; DENYING PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION [56]** |

## I. INTRODUCTION

This case arises out of an alleged incident of trade secret misappropriation by former employees of Plaintiff Custom Packaging Supply, Inc. ("CPS") and their current employer, a competitor of CPS. The Court previously addressed this matter and dismissed the First Amended Complaint with leave to amend on December 07, 2015. (ECF No. 48.) Defendants Steve Phillips, Heeva Asefvaziri, and ThingThing, Inc. now move to dismiss CPS's Second Amended Complaint ("SAC") for failure to state a claim. (ECF No. 50.) Defendant McDonald Packaging, Inc. ("RightPAQ") separately moves to dismiss the SAC for failure to state a claim and lack of subject matter jurisdiction. (ECF No. 51.) CPS has also filed an *Ex Parte* Motion for

Reconsideration of the Court's dismissal of the FAC. (ECF No. 56.) For the reasons discussed below, the Court **GRANTS** the Defendants' Motions to Dismiss for failure to state a claim, **GRANTS** the Motion to Dismiss for lack of subject matter jurisdiction as to the remaining claims, and **DENIES AS MOOT** CPS's *Ex Parte* Motion for Reconsideration.

## II.   FACTUAL BACKGROUND

Defendants Phillips and Asefvaziri are former employees of CPS, who held the positions of Design Manager and Junior Designer, respectively. (SAC ¶¶ 20–21, ECF No. 49.) As the sole members of CPS's design department, Phillips and Asefvaziri had unfettered access to CPS's design database, although CPS alleges that Phillips and Asefvaziri were restricted from accessing certain client information and DropBox folders. (*Id*. ¶¶ 4, 29–30, 34–35.) In April 2015, Phillips and Asefvaziri resigned from CPS and formed Defendant ThingThing, Inc., a start-up design company. (ThingThing Mot. to Dismiss ("ThingThing Mot.") 2, ECF No. 50.) ThingThing allegedly leases space and rents equipment from Defendant RightPAQ. (*Id*.) Upon their resignation, CPS claims that Phillips and Asefvaziri downloaded information regarding proprietary designs, along with customer data and other confidential information, to compile an "illegal library" that they then passed on to RightPAQ. (SAC ¶¶ 4, 29–33.) CPS further alleges that RightPAQ used this information to improve its own designs and steal CPS's customers. (*Id*. ¶¶ 4, 32–33, 37.)

On June 17, 2015, CPS filed a complaint ("Original Complaint") alleging thirteen causes of action, including common law claims, violations of California Penal Code Section 502, and violations of the California Uniform Trade Secrets Act ("CUTSA"). (ECF No. 1.) CPS also alleged that Defendants violated the federal Computer Fraud and Abuse Act ("CFAA"), which formed the basis for this Court's federal question jurisdiction. (*Id*. ¶¶ 14–15.) Phillips, Asefvaziri, and ThingThing filed an initial motion to dismiss on August 7, 2015. (ECF No. 20.) Without seeking leave to amend from the Court, CPS filed its First Amended Complaint ("FAC") on

August 31, 2015, the same day that Phillips, Asefvaziri, and ThingThing replied to the Motion to Dismiss. (ECF Nos. 23, 24.) The Court accepted the FAC and ordered the initial Motion to Dismiss moot. (ECF No. 25.)

Phillips, Asefvaziri, and ThingThing then filed a second Motion to Dismiss on September 14, 2015. (ECF No. 26.) On September 28, 2015, Defendant RightPAQ filed a separate Motion to Dismiss the FAC. (ECF No. 31.) In relevant part, all Defendants argue that CPS failed to state a claim for violation of the CFAA because CPS failed to identify any damage done to their computer system. (ThingThing Mot. 5, 8; RightPAQ Mot. to Dismiss ("RightPAQ Mot.") 7–8, 10–11, ECF No. 31.) The Court agreed and dismissed CPS's CFAA claims with leave to amend. (Order Granting MTD 4–6, 10, ECF No. 48.) The Court also dismissed CPS's claims under California Penal Code Section 502 and CPS's common law claims with prejudice. (*Id*. 6–10.)

On December 22, 2015, CPS filed the SAC, this time alleging violations only under CUTSA and CFAA. (ECF No. 49.) On January 5, 2016, Defendants Phillips, Asefvaziri, and ThingThing filed the Motion to Dismiss presently at bar. (ECF No. 50.) CPS timely opposed, and Defendants timely replied. (ECF Nos. 54, 60.)

On January 5, 2016, Defendant RightPAQ also filed a separate Motion to Dismiss presently at issue. (ECF No. 51.) CPS timely opposed, and RightPAQ timely replied. (ECF Nos. 55, 59.)

Finally, on January 19, 2016, CPS filed an *ex parte* application for the Court to reconsider its previous Order dismissing CPS's claims under California Penal Code Section 502. (ECF No. 56.) Defendants Phillips, Asefvaziri, and ThingThing opposed the *ex parte* application for reconsideration on January 20, 2016. (ECF No. 57.) The two Motions to Dismiss and the *Ex Parte* Motion for Reconsideration are presently before this Court.

/ / /

/ / /

### III. LEGAL STANDARD

**A.     Motions for Reconsideration**

Under Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in the opposition to the original motion."  C.D. Cal. R. 7-18; *see also Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

Motions for reconsideration "are disfavored and are rarely granted." *Trust Corp. v. Aetna Casualty and Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). "Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Ernest Paper Prods. Inc. v. Mobil Chem. Co. Inc.*, No. CV 95–7918 LGB (AJWx), 1997 WL 33483520, *1 (C.D. Cal. Dec. 2, 1997).

**B.     Rule 12(b)(6)**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  That is, a

complaint must plead "enough facts to state a claim to relief that is plausible on its face" and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a 12(b)(6) motion, a court is generally limited to the pleadings and must accept all factual allegations plead in the complaint as true in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**C. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs bear the burden of establishing that subject matter jurisdiction exists. *Id.* This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for this court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). If a court finds that it lacks jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**D. Leave to Amend**

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Defendants' Motions to Dismiss CPS's CFAA Claims Under Rule 12(b)(6)

Congress originally enacted the CFAA "to target hackers who accessed computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possessed the capacity to 'access and control high technology processes vital to our everyday lives. . . .'" *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1130 (9th Cir. 2009). "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *Id*. at 1131 (citing 18 U.S.C. §§ 1030(a)(1)–(7)).

CPS brought suit under section 1030(g) of the Act, which states: "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g). Thus, a plaintiff must prove that the defendant violated one of the provisions of section 1030(a)(1)–(7), and that the violation involved one of the factors listed in subsection 1030(c)(4)(A)(i).[1]

---

[1] The factors set forth in subsection (c)(4)(A)(i) are:
    (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
    (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
    (III) physical injury to any person;
    (IV) a threat to public health or safety;
    (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security. . . .
18 U.S.C. § 1030(c)(4)(A)(i).

Here, CPS alleges that Defendants' conduct involved the factor described in subsection (c)(4)(A)(i)(I), which proscribes conduct that causes "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." (SAC ¶ 44.) CPS further alleges that Defendants committed several violations under sections 18 U.S.C. §§ 1030(a)(2)(c), (a)(4), and (a)(5) of the CFAA. (SAC. ¶¶ 39–44.) All claims under 18 U.S.C. § 1030(a)(5) specifically require a showing of "damage" to the plaintiff as a result of a defendant's unauthorized access to a protected computer. *See id.* §§ 1030(a)(5)(A)–(C). Claims under 18 U.S.C. §§ 1030(a)(2)(C) and (a)(4), on the other hand, require a showing of damage *or* loss. *See Theorfel v. Farley-Jones*, 359 F.3d 1066, 1078 n.5 (9th Cir. 2003) ("[S]ubsection (g) applies to any violation of 'this section' and, while the offense must involve one of the five factors in (a)(5)(B), it need not be one of the three offenses in (a)(5)(A)."); *Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 767 (N.D. Ill. 2009) ("a plaintiff alleging violations of sections 1030(a)(2) or (a)(4) need only allege damage or loss, not both").

*i. Damage*

Defendants contend that CPS failed to properly allege "damage" under the CFAA. (ThingThing Mot. 6–9; RightPAQ Mot. 11–13.) The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Defendants cite multiple cases holding that "damage" means actual harm to computers or networks as a result of a defendant's unauthorized accessed to a protected computer, rather than economic harm due to the commercial value of the data itself. *See NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014) (citing collected cases); *Farmers Ins. Exchange v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784, 2013 WL 3872950, at *21 (E.D. Cal. July 25, 2013) ("Indeed, a number of courts have noted that 'costs not related to computer impairment or computer damages are not compensable under the CFAA.'"); *Doyle v. Taylor*, CV-09-158-RHW, 2010 WL 2163521, at *2 (E.D. Wash. May 24, 2010), aff'd *Doyle v. Chase*, 434 Fed. Appx. 656

(9th Cir. 2011); *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 721 (N.D. Ill, 2009); *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) ("Costs not related to computer impairment or computer damages are not compensable under the CFAA.").

CPS does not plead any such "damage" in plausible detail, alleging only that it "suffered damage and loss by reasons of these violations, including . . . harm to CPS's data, programs, and computer systems. . . ." (SAC ¶ 44.) Specifically, CPS alleges that Defendant Phillips accessed unauthorized files and removed them from its computers. (*Id.* ¶ 29.) However, CPS does not allege that Defendant damaged any systems or destroyed any data as a result of his conduct. Therefore, the Court holds that CPS failed to plead facts showing any cognizable damage under the CFAA. *See NetApp, Inc.*, 41 F. Supp. 3d at 834–35 (dismissing plaintiff's CFAA claim because plaintiff failed to allege any damages to the computer system or destruction to any data as a result of the defendant's unauthorized access of plaintiff's computer).

Because all claims under 18 U.S.C. § 1030(a)(5) specifically require a showing of "damage" to the plaintiff as a result of a defendant's unauthorized access to a protected computer, CPS's claims under § 1030(a)(5) are dismissed against all Defendants with prejudice.[2] *See id.* §§ 1030(a)(5)(A), (B), and (C); *see also NetApp, Inc.*, 41 F. Supp. 3d at 835.

However, the failure to allege damage is not dispositive of CPS's remaining CFAA claims under §§ 1030(a)(2)(C) and (a)(4). As discussed above, to bring a civil suit under Section 1030(g) for violations of Sections 1030(a)(2)(C) and (a)(4), CPS is required to allege damage *or* loss—as opposed to a specific showing of "damage" under § 1030(a)(5). *See Motorola, Inc.*, 609 F. Supp. 2d at 767 (N.D. Ill. 2009) ("a

---

[2] Moreover, CPS has twice had the opportunity to amend its claims under the CFAA. Yet, CPS still fails to assert a viable claim. Thus, the Court finds granting CPS leave to amend would be futile, and dismisses CPS's claims under § 1030(a)(5) with prejudice. *See Eminensce Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (district court may deny leave to amend due to "failure to cure deficiencies by amendments previously allowed" or "futility of amendment") (internal quotation marks omitted); see also NetApp, Inc., 2015 WL 400251, at *15 (N.D. Cal. Jan. 29, 2015).

plaintiff alleging violations of sections 1030(a)(2) or (a)(4) need only allege damage or loss, not both").

  ii. *Loss*

  Each Defendant asserts that CPS has not adequately alleged that it incurred a "loss" under the remaining CFAA claims. "As defined in section 1030(e)(11), 'loss' means two things: first, 'any reasonable cost to the victim,' such as responding to the offense or otherwise restoring lost material; second, lost revenue or other damages incurred as a result of an interruption of service." *SKF USA, Inc.*, 636 F. Supp. 2d at 721; *AtPac, Inc. v. Aptitude Solutions*, 730 F. Supp. 2d 1174, 1184 (E.D. Cal. 2010). Purely economic harm unrelated to the computer impairment or computer damages is not covered by this definition. *See Farmers Ins. Exchange*, 2013 WL 3872950, at *21 ("Here, the Court agrees that '[c]osts not related to computer impairment or computer damages are not compensable under the CFAA.'") (citing *SKF USA, Inc.*, 636 F. Supp. 2d at 721); *see also AtPac, Inc.*, 730 F. Supp. 2d at 1184 (to allege a lost under the CFAA, "plaintiffs must identify impairment of or damage to the computer system that was accessed without authorization.") (citing *Doyle*, 2010 WL 2163521 at *2 (holding that where plaintiff alleged defendant accessed plaintiff's USB thumb drive and retrieved a sealed document, "[p]laintiff would have to show that the thumb drive itself was somehow damaged or impaired by Defendant's act of accessing the drive.")).

  Here, CPS alleges that "some of its employees worked exclusively on Defendants' data breach for roughly a week, forcing other projects and customer needs to be ignored, thus resulting in loss to CPS." (SAC ¶ 44.) CPS also claims that its Vice President devoted his attention to the Defendants' data breach "for a period of 3–4 days, at the detriment of CPS' other clients and projects." (*Id*.) However, "lost revenues that are not related to the impairment of a computer system are not recoverable under the CFAA." *Cassetica Software, Inc. v. Computer Scis. Corp.*, No. 09 C 0003, 2009 WL 1703015, at *4 (N.D. Ill. June 18, 2009) (citing 18 U.S.C. §

1030(e)(11)). The "loss" alleged here by CPS involves lost business opportunities as a result of having to ignore customer needs and its other projects; CPS does not allege that its computer systems were damaged in any way. (SAC ¶ 44.) Accordingly, the Court concludes that CPS's lost opportunities do not constitute "loss" under the CFAA.

CPS also alleges that it "suffered damage and loss by reason of these violations, including, without limitation, harm to CPS's data, programs, and computer systems[,]" and that the loss it incurred is "evidenced by the fact that CPS' computer system was comprised and unusable while an audit, investigation, and reconstruction of the computer system was conducted by CPS at considerable expense to CPS[.]" (*Id*.) However, these conclusory allegations, without any facts that would plausibly suggest that Defendants caused any interruption of service or impairment of data, are not enough to establish a "loss" within the meaning of the CFAA. *See Cassetica Software, Inc.*, 2009 WL 1703015, at *4 (plaintiff failed to allege that it suffered a "loss" within the meaning of the CFAA when it did not allege any facts that would "plausibly suggest [defendant's] downloads caused any interruption of service or impairment of data").

In order to state a claim under the CFAA, a plaintiff must allege that it suffered either damage or loss. *See* 18 U.S.C. § 1030(g). Here, CPS has failed to allege that it incurred damage or loss cognizable under the CFAA. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss CPS's remaining CFAA claims under §§ 1030(a)(2)(C) and (a)(4) with prejudice.[3]

### C. Subject Matter Jurisdiction

As the parties to this case are not completely diverse (*see* SAC ¶¶ 5–13), CPS's CFAA claims provide the sole basis for federal subject matter jurisdiction in this case.

---

[3] Defendant RightPAQ, in its separate Motion to Dismiss, argues that it cannot be held liable under the CFAA because it did not engage in any of the activity that constitutes a violation under the statute. However, the Court need not decide this issue because the CFAA claims brought by CPS are dismissed against all Defendants without leave to amend.

CPS's remaining causes of action against Defendants are based on state law. A district court may decline to exercise supplemental jurisdiction over state law claims if: (1) the claim raises a novel or complex issue of State law; (2) the claims substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Here, the Court dismissed all claims over which it has original jurisdiction (the CFAA claims), and it declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, the Court dismisses the state law claims for lack of subject matter jurisdiction.

Finally, because the Court now dismisses CPS's remaining state law claims for lack of subject matter jurisdiction and thus this Court no longer has jurisdiction over this matter, there is no reason for the Court to consider CPS's *Ex Parte* Application for Reconsideration on this Court's previous Order dismissing CPS's claims under California Penal Code Section 502 with prejudice. (*See* ECF Nos. 48, 56.) Therefore, the Court **DENIES AS MOOT** CPS's *Ex Parte* Application for Reconsideration.

## V. CONCLUSION

For the reasons discussed above, CPS's *Ex Parte* Application for Reconsideration is **DENIED AS MOOT** and Defendants' Motions to Dismiss for failure to state a claim and for lack of subject matter jurisdiction are **GRANTED** without leave to amend. The Clerk of Court is hereby ordered to close this case.

**IT IS SO ORDERED.**

April 15, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**